The lien created by the teste of the writ of execution, which issued 9 May, 1808, cannot be destroyed by the levy afterwards made by the Constable, particularly as there was no sale under that levy until a levy and sale under the execution which first issued. In England, it is said that if the Sheriff execute the writ last delivered to him, before the first, he shall be answerable himself for the debt due to the Plaintiff in the first execution. And of this he has no right to complain; because, as all executions are delivered to him, he may know which to execute first: But in this State it is otherwise. The Sheriff and Constables of a County, have each a right, in many cases, to levy and sell the same property; and it would not do to say, that one officer, executing a younger execution before an elder, in the hands of another officer, whether he knew of it or not, should be liable to the Plaintiff in the first. Whether purchasers under the younger execution would be protected, or whether the lien created from the teste of the first would subject property so sold, it is not necessary to decide; because the property was here first sold under the execution that first issued. It is said, that the reason of altering the law in England by the statute of frauds, in making the lien commenced from the delivery, and not from the test of the writ, was on account of purchasers claiming propertybona fide purchased under younger executions, when there were older ones, the lien whereof reached back to their teste. 1 Term, 731. If this were the case, and the law has not been altered with us, it would seem that such purchasers would be obliged to yield to such lien, particularly when the two executions are in the hands of different officers, as in this case, and no remedy can be had against them. As to the first part of the case, my opinion is in favor of the Plaintiff. As to the other question, my opinion differs from that of my brethren, and I will briefly assign the reasons (264) which support my opinion. It is enacted by the 27. Hen. VIII, ch. 16, sec. 1, "that no lands or hereditaments *Page 204 
shall pass, whereby any estate of inheritance or freehold shall be made, by reason of any bargain and sale, except the bargain and sale be made by writing and enrolled." It is also enacted by our act of 1715, ch. 38, sec. 5, that no conveyance of lands shall be good and available in law, unless the same be acknowledged or proved, and registered; and that all deeds so done and executed shall be valid and pass estates in lands,c. Here it appears that lands cannot pass from one person to another without writing; and it is expected that every one can shew a written title to land of which he is the proprietor. It is true, that the Legislature have taken away the remedy of claimants, where they have not asserted their claims within the time prescribed by law, and vested the title in those who during that time have been in quiet possession. But these acts do not interfere with the requisite, that titles to land must be in writing; and where there is no possession relied upon, there must be no chasm in those titles; there must be no link wanting. Now the Plaintiff does not depend upon possession for a title. Does he shew a written one? He shews a deed from the Sheriff, in which the Sheriff sets forth the authority he had for executing it, to-wit, an execution bearing date the second Monday of February, 1807. Were that execution shewn, and the judgment on which it issued, the Plaintiff's title would rest as far as it could upon written evidence. But it is admitted that the land was not sold under that execution; yet parol testimony is admitted to shew that it was sold under another execution. This is not only connecting the deed and execution by parol testimony, but expressly contradicting the very deed under which the Plaintiff claims, and to which he is a party. If this be allowable, who can find out in whom title to land is, by searching records? It is true it (265) appears, from the testimony adduced, that the land was sold under another execution issuing from the same judgment. But if that can be shewn, why not go a step further, and shew that it was sold under an execution issuing from another judgment between different parties? Would not this give rise to much confusion and inconvenience? Were this allowable, titles to land would in a great measure depend upon parol testimony. Is there any necessity for this? Would it not be an easy thing truly to recite the execution under which the land was sold? I doubt not, it was done in the present instance through mistake; this may be the case again; but that is no reason for adopting a rule that would give rise to so much uncertainty and inconvenience. *Page 205 
 Cited: Huggins v. Ketchum, 20 N.C. 558; Cherry v. Woolard, 23 N.C. 439;Carter v. Spencer, 29 N.C. 18; Bailey v. Morgan, 44 N.C. 355.